UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1073 CAS |
| | ) | |
| EL TOVAR, INCORPORATED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff PNC Bank, National Association's Motion for Order to Show Cause Why Defendants Should Not be Held in Contempt for Failure to Comply With Consent Order Appointing Receiver. Plaintiff's motion is accompanied by an Affidavit of the Court-appointed Receiver, Shawn Henry, and various exhibits.

**Background**

The Complaint alleges that defendant El Tovar, Incorporated, executed a Promissory Note in the amount of $536,800 to PNC Bank's predecessor in interest in April 2007, and that defendant Steven Parrish executed a loan Guaranty in January 2004 and reaffirmed the Guaranty in April 2007, to induce PNC Bank to make the loan guaranteed by the Note. To secure the Note, El Tovar granted a Deed of Trust and Assignment of Rents on real property at 1853 S. Spring Avenue, 3803 Shaw Avenue and 4226-28 Cleveland Avenue, all in St. Louis (collectively the "Properties"). On October 31, 2012, PNC Bank notified El Tovar that it was in default under the Note for failure to make payments. PNC Bank has made demand for Parrish to pay the debt under the Note and Guaranty but he has not done so. The Complaint asserts claims on the Promissory Note (Count I), the Guaranty (Count II), and for appointment of a receiver (Count III).

In June 2013, PNC Bank filed an Amended Motion to Appoint Receiver. The Court scheduled a hearing on the motion for July 18, 2013. At the hearing, the parties announced they had reached an agreement and plaintiff would withdraw its motion. The Court issued an order on plaintiff's request and with defendants' consent to allow plaintiff or its agent to enter the Properties for inspection, appraisal, or as otherwise needed. See Order of July 18, 2013 (Doc. 23).

On August 30, 2013, the case was referred to mediation. On October 23, 2013, plaintiff filed another motion to appoint receiver and the Court set it for hearing on November 12, 2013. On October 30, 2013, the parties engaged in a lengthy mediation with neutral Jason M. Rugo, and reached a written settlement agreement that called for the appointment of a receiver, among other things, but did not settle the entire case.[1] In accordance with the parties' settlement agreement, the Court on November 4, 2013 approved a Consent Order for Appointment of Receiver that, among other things, appointed SH Equities, LLC as receiver. The Receiver filed its Oath of Receiver on November 7, 2013.

The Receiver's Affidavit submitted as an exhibit to plaintiff's motion avers that defendants have failed to comply with the Consent Order for Appointment of Receiver by failing to turn over to the Receiver the following:

(a) November rents;

(b) security deposits;

(c) information on the code violations and condemnation notices from the City;

(d) information on the pending housing court actions with respect to the Shaw property;

---

[1]The neutral's Alternative Dispute Resolution Compliance Report states that a second mediation session is scheduled for December 10, 2013.

2

(e) operating and trust account bank statements and account information;

(f) operating expense data;

(g) occupancy permits;

(h) maintenance records;

(i) tenant correspondence; and

(j) permits for recent work performed.

The Receiver also avers that the Shaw property has been condemned and defendants allowed the insurance on it to lapse, while residents continue to live in it.  The Receiver states,

> I have endeavored to obtain an insurance renewal from El Tovar's Farmers' Insurance agent.  Though the agent initially informed me he would renew the policies, he recanted such offer later per a conversation the agent advised that he had with Mr. Parrish.  The agent consequently directed me to "go somewhere else" for the needed property insurance.

Receiver Aff. at 3, ¶ 10.

Finally, the Receiver avers that he sent notices and correspondence to the Properties' tenants, but has received little or no response, but has obtained correspondence Mr. Parrish sent to tenants advising that they need not pay November rent based on an "agreement" that has not been provided to the Receiver, and that Mr. Parrish "has further sowed a degree of confusion by sending tenants additional letters advising tenants" that he still owns the Properties and expects to reclaim them from "the court-appointed trustee and the billion-dollar-bully that is PNC bank, National Association," and that if tenants have any issue with the receiver that is not timely resolved, to please contact him. The Receiver avers that based on his interactions with tenants, the tenants are not sure who to call or pay their rent to because Mr. Parrish forwarded communications to them stating that "he will be getting his properties back."  Receiver Aff. at 4.

3

**Discussion**

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. When that initial burden is met, the burden shifts to the defendant to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) he was unable to comply, explaining why "categorically and in detail," (2) his inability to comply was not "self-induced," and (3) he made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that a hearing is set for Thursday, **December 5, 2013** at **1:00 p.m.** in Courtroom No. 3-N of the Thomas F. Eagleton United States Courthouse, at which plaintiff PNC Bank, National Association, shall present its evidence concerning defendants' alleged contempt

of the Consent Order Appointing Receiver, and defendants El Tovar, Incorporated and Steven D. Parrish shall appear and may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Consent Order Appointing Receiver.  Failure to appear for the hearing as ordered may subject defendant Parrish to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that defendants shall file their written response to plaintiff's motion for order to show cause by **December 2, 2013**, at **5:00 p.m.**

　　　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of November, 2013.